By the Court.—Sedgwick, Ch. J.
—My construction of the act is as follows : If a bond or undertaking is proposed which is to be secured by the guarantee of the company, the party opposed may require “ a justification on the part of such company through its officers as required by law of other sureties.” If it should appear on such justification that “ its liabilities exceed its assets, as ascertained in the manner provided in section three of this act,” the act forbids the acceptance of the guarantee. The alternative is is not that the court shall approve absolutely and under all circumstances. As stated in the first section, the court must exercise its judicial discretion to determine whether the financial condition of the company would justify an approval. I do not think that the act implies that the company must possess the qualifications required of sureties, although the manner of justification is to be same as when sureties justify. The nature of the business makes it clear that the Legislature knew that such qualifications could not exist. If the Legislature intended that the company should show such qualifications, it was not necessary to provide anything further on the subject, and especially to prohibit the approval of the undertaking if the company’s condition did not reach the standard specified by the third section. But although the company may be in the condition described by section three, it is the duty of the judge to exercise his discretion in each particular case, *60 as to whether the actual state of the company’s business justifies ari approval of the undertaking.
It may be, that in the present case the court did not exercise the discretion referred to. If it did not, the general term should make the order, that would be called for by the particular circumstances. In my opinion, the circumstances called for an approval of the undertaking, which was actually approved below. There should be no costs on the appeal to either party.
Order affirmed, without costs.
Truax and O’Gorman, JJ., concurred.